IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **TOBY HONEYCUTT,** | ] | Case No. 3:13-cv-00268 |
| | ] | |
| **Plaintiff,** | ] | |
| vs. | ] | |
| | ] | **JURY TRIAL** |
| **NEWHOUSE SERVICES, INC.** and | ] | |
| **DAVID NEWHOUSE IV,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| _____ | ] | |

DEFENDANT'S FIRST AMENDED ANSWER

Defendants, Newhouse Services, Inc. and David Newhouse IV, files this First Amended answer to plaintiff's original complaint (hereinafter referred to as "Complaint").

A. Admissions & Denials

1. Defendant denies the allegations in paragraph number two (2). Defendant admits that NEWHOUSE SERVICES, INC. is a Texas corporation.

2. Defendant denies the allegations in paragraph number four (4).

3. Defendant denies the allegations in paragraph number five (5).

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph six (6).

5. Defendant denies the allegations set forth in paragraph seven (7).

6. Defendant denies the allegations in paragraph eight (8).

7. Defendant denies the allegations in paragraph nine (9).

8. Defendant denies the allegation in paragraph ten (10).

9. Defendant denies the allegations in paragraph eleven (11).

B. Affirmative Defenses

13. Defendant is not liable to plaintiff because of payment. *Bank Leumi Le-Isreael, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir.1991).

14. The Plaintiffs fail to state a claim upon which relief may be granted.

15. Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppels and/or unclean hands.

16. The Complaint, and each purported claim contained therein, is barred by the applicable statutes of limitations, including but not limited to 29 U.S.C.A § 225. Any claims by Plaintiffs for unpaid overtime wages arising more than two years preceding the filing of the Complaint are barred by the applicable statute of limitations.

17. The Complaint is barred to the extent that the plaintiffs lack standing to raise some or all of the claims.

18. The Complaint is barred because the plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act, <u>29 U.S.C.A. §§ 201 et seq.</u>, (F.L.S.A.).

19. The plaintiffs are precluded from recovering any amounts from Defendant where Defendant has paid the plaintiff all sums legally due under the F.L.S.A.

20. The Complaint, and each purported cause of action contained therein, is barred to the extent that the plaintiff misperformed his respective duties, fraudulently misstated his work hours and failed to perform those duties which Defendants realistically expect them to perform.

21. With respect to some or all claims brought or allegedly brought by the plaintiffs, Defendant affirmatively pleads that any acts and/or omissions which may be found to be in violation of the rights afforded by the F.L.S.A. were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with the F.L.S.A.

22. The Complaint fails to state a claim which may be granted that provides for compensatory, consequential or liquidated damages, or any other damages, costs or fees allowed by the F.L.S.A.

23. The plaintiff may NOT recover liquidated damages, because: (1) Defendants and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the F.L.S.A.; (2) Defendants including its officers, directors, managers, and agents did not authorize or ratify any such willful violation with respect to the plaintiff; and (3) The plaintiff has failed to plead facts sufficient to support recovery of such damages.; (4) At no time did Defendants act to circumvent its obligations as an employer under the FLSA.

24. The plaintiff is precluded from recovering any liquidated damages from Defendants where Defendants have, at all times, acted in good faith and paid all sums considered to be legally due in good faith reliance on the F.L.S.A.

25. Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

26. The Complaint is barred to the extent any the plaintiff has executed a compromise and release of any claims asserted in this lawsuit.

27. With respect to some or all of the claims brought or allegedly brought by the plaintiff, Defendant affirmatively pleads, pursuant to <u>29 U.S.C.A. § 259</u>, that any acts and/or omissions which may be found to be in violation of the rights afforded by the F.L.S.A. occurred in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval and/or interpretation of the Administrator of the Wage and Hour Division of the

Department of Labor, and/or an administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the Department of Labor with respect to the class of employers to which the Defendant belongs.

28. Plaintiff's pay was at all times in compliance with the overtime requirements of the FLSA.

29. With respect to Plaintiff's claims for liquidated damages, Defendants' acts or omissions giving rise to such claims were in good faith and based on reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

30. Any time for which Plaintiff's were not fully compensated, if any, was *de minimis* and not compensable time worked as a matter of law.

31. Plaintiff's did not work in excess of 40 hours during some or all of the work weeks relevant to this lawsuit.

32. Any of Plaintiffs' preliminary or postliminary activities are not compensable time worked as a matter of law.

33. Defendant at the time of Plaintiff's employment was not an enterprise engaged in interstate commerce.

34. *Affirmative Defenses*

a. Defendants are entitled to offsets to the amount of time that Plaintiff claimed he had worked on his time sheets, when in fact he did not. Defendants' are also entitled to offsets to amounts already paid to Plaintiff.

b. Plaintiff does not qualify for relief under the Fair Labor and Standards Act for overtime compensation because he is not engaged in interstate commerce.

c. Plaintiff does not qualify for relief under the Fair Labor and Standards Act for overtime compensation because he is an independent contractor.

35. Defendant reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case.

### D. Prayer

36. For these reasons, defendant asks the court to enter judgment that plaintiffs take nothing, dismiss plaintiffs' suit with prejudice, actual damages, exemplary damages, prejudgment and postjudgment interest, assess costs against plaintiffs, and award defendant all other relief the court deems appropriate.

**Respectfully Submitted,**

_____
**"Daniel" Chung Lee**
State Bar No. 24053793
S.D. of Texas No.1419315
**C.Y. LEE LEGAL GROUP, PLLC**
1305 Prairie St., Ste 300
Houston, Texas 77002
T: (713)487-9028
F: (713)223-0755
CYLEELAW@gmail.com
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2013 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

_____
**"Daniel" Chung Lee**